

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Frank R. Murray
County Attorney
Carson County
Panhandle, Texas

Dear Sir:

Opinion No. O-4335
Re: Commissioners' court cannot levy a county tax in the absence of one of the commissioners

Your request for an opinion of this Department reads:

"Article 7042 of the Revised Civil Statutes provides that each Tax Assessor shall make a statement to the Comptroller on or before July 15th of each year showing as nearly as can be ascertained the total amount of property in each county subject to taxation. Article 7045 provides that the Commissioners' Court of the several counties, all the members thereof being present, at any time after the Comptroller has been furnished with the statement by the Assessor, may meet for the purpose of calculating the county rate. Article 2343 provides that any three members of the commissioners' court, including the County Judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax. The Supreme Court in Dalton vs Allan, 215 S. W. 439 has held that any three commissioners may constitute a quorum.

"Bearing these statutes in mind, I wish to submit the following inquiries:

"'Can a county commissioner who is sick be counted as present even though he is unable to come to the Court House, provided he signs the orders?'

"'If your answer to the first question is in the affirmative, then kindly advise as to whether

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Frank R. Murray, page 2

or not it makes any difference if the ill commis-
sioner is hospitalized outside the County.'

"'If an ill commissioner who is unable to at-
tend a session of the court cannot be counted as
constructively present and since only the District
Court can determine the question of a vacancy, how
can the commissioners' court transact business where
the statute provides for all members of the court
to be present?'

"'Is the issuance of time warrants for the pay-
ment of improvements or the purchase of machinery
wherein the time warrants contain the provision
". . . . and that to create said fund, a tax is here-
by levied to pay the interest on said warrants and
to provide the necessary sinking funds, and to pay
the principal thereof at maturity" such a levy of
a tax as requires the presence of the entire Com-
missioners' Court?'"

In Texas Jurisprudence, Volume 11, page 559, it is
stated:

"In order that valid action may be taken by
county commissioners, they must first be organized
as a court. Any three members of the commissioners'
court, including the county judge, constitute a
quorum for the transaction of any business except
that of levying a county tax. . . ."

Article 2343, Vernon's Annotated Civil Statutes reads:

"Any three members of said court, including the
county judge, shall constitute a quorum for the
transaction of any business except that of levying
a county tax."

It was held in the case of Brooks v. State, 41 S. W.
(2d) 714 that the commissioners' court could levy taxes only at
a regular term with all members present.

It was held by the Supreme Court of Texas in the case
of Free v. Scarborough, 8 S. W. 490:

"Article 1515 gave the power to levy taxes for county purposes, and Article 1517 (now Article 2354, supra) imposed limitations as to the mode of imposing taxes as follows:

"'No county tax shall be levied except at a regular term of the court, and when all the members of said court are present.'

"Unquestionably, the Legislature had the power to make this rule. The limitation admits of no construction. The meaning is clear; courts cannot alter or dispense with it." (Parenthetical insertion ours)

In view of the foregoing authorities it is our opinion that the commissioners' court cannot make a valid county tax levy when one of the commissioners is absent due to illness. We believe the word "present" as used in the statute should be given its usual meaning and to require actual presence at a regular meeting of the court held at the courthouse. (Article 2343, R.S.)

With respect to your question as to how the commissioners' court can act under such circumstances, we regret that there is in our opinion no way in which the court can act so as to levy a legal tax except upon a full compliance with Article 2354, supra,

We believe that the levying of a tax for the purpose of paying interest and providing a sinking fund to retire warrants issued for the purchase of machinery and for the payment of improvements comes within the purview of Article 2354, supra, requiring the affirmative action of the court when all members of the court are present.

APPROVED APR 8, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

LA:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant



OPINION
COMMITTEE
BY BWB
CHAIRMAN